UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 10-07576 MMM (SSx) | Date | February 16, 2011 |

Title  *PETA, Inc. v. Beyond the Frame, Ltd.*

Present: The Honorable  MARGARET M. MORROW

| Chris Silva for ANEL HUERTA | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** **Order to Show Cause Why Case Should Not Be Transferred to the Southern District of New York**

On January 1, 2011, Beyond the Frame, Ltd. filed a motion to dismiss for lack of personal jurisdiction.[1] On January 20, 2011, plaintiff filed an *ex parte* application seeking jurisdictional discovery regarding defendant's contacts with California.[2] Beyond the Frame opposed the application on January 25, 2011.[3] In its opposition, defendant urged that the matter should be dismissed for lack of personal jurisdiction and stated: "In the alternative, this matter should be transferred to New York, where BTF has alleged copyright infringement for PETA's knowing exploitation of valuable BTF footage. . . . New York is the proper venue for this case because PETA's headquarters are located in Norfolk, Virginia, meaning that most of the witnesses and evidence necessary to adjudicate this manner are more proximate to New York; other defendants that are necessarily joined in this dispute, such as Home Box Office ("HBO"), are located in New York; New York is closer to London, where BTF and its witnesses and evidence are located, and so on."[4]

---

[1] Motion to Dismiss for Lack of Jurisdiction, Docket No. 12 (Jan. 13, 2011).

[2] Ex Parte Application, Docket No. 20 (Jan. 20, 2011).

[3] Opposition to Ex Parte, Docket No. 24 (Jan. 25, 2011).

[4] *Id.* at 1-2.

The first-to-file rule is a principle of federal comity that permits a district court to decline jurisdiction over an action when a complaint involving the same parties and issues has already been filed in another district. *Pacesetter Systems, Inc. v. Medtronic, Inc.*, 678 F.2d 93, 94-95 (9th Cir. 1982); *Alltrade*, 946 F.2d at 623, 625 (under the first-to-file rule, a district court may transfer, stay, or dismiss an action where a similar case has previously been filed in another federal court); *Certified Dry Cleaning Network, L.L.C. v. Tenke Corp.*, 511 F.3d 535, 551 (6th Cir. 2007) ("The first-to-file rule, while not frequently discussed by this Court, is a 'well-established doctrine that encourages comity among federal courts of equal rank,'" quoting *AmSouth Bank v. Dale*, 386 F.3d 763, 791 n. 8 (6th Cir. 2004)). "The doctrine is designed to avoid placing an unnecessary burden on the federal judiciary, and to avoid the embarrassment of conflicting judgments. Comity works most efficiently where previously-filed litigation is brought promptly to the attention of the district court, and the court defers." *Church of Scientology of California v. United States Dep't. of the Army*, 611 F.2d 738, 750 (9th Cir. 1980) (internal citations omitted); *Save Power Ltd. v. Syntek Finance Corp.*, 121 F.3d 947, 950 (5th Cir. 1997) ("The concern manifestly is to avoid the waste of duplication, to avoid rulings which may trench upon the authority of sister courts, and to avoid piecemeal resolution of issues that call for a uniform result," quoting *West Gulf Maritime Association v. ILA Deep Sea Local 24*, 751 F.2d 721, 729 (5th Cir. 1985)).

Three factors are relevant in deciding whether to apply the first-to-file rule: (1) the chronology of the two actions; (2) the similarity of the parties; and (3) the similarity of the issues. *Alltrade*, 946 F.2d at 625-26; *Guthy-Renker Fitness, L.L.C. v. Icon Health & Fitness, Inc.*, 179 F.R.D. 264, 270 (C.D. Cal. 1998). Exceptions to the rule can be made in cases of bad faith, anticipatory suit, or forum shopping, or where the balance of convenience favors the later-filed action. *Greenline Industries, Inc. v. Agri-Process Innovations, Inc.*, No. C 08-2438 CW, 2008 WL 2951743, *3 (N.D. Cal. July 28, 2008), quoting *Alltrade*, 946 F.2d at 628; *Ward v. Follett Corp.*, 158 F.R.D. 645, 648 (N.D. Cal. 1994)).

Courts in the Ninth Circuit have adopted a flexible approach in evaluating the similarity of the parties and issues. See, e.g., *Intersearch Worldwide, Ltd. v. Intersearch Group, Inc.*, 544 F.Supp.2d 949, 959 n. 6 (N.D. Cal. 2008) ("[E]xact identity is not required to satisfy the first-to-file rule. The rule is satisfied if some [of] the parties in one matter are also in the other matter, regardless of whether there are additional unmatched parties in one or both matters" (citations omitted)). Indeed, the first-to-file rule does not require identical parties *or* issues, so long as the actions are substantially similar or involve substantial overlap. *Walker v. Progressive Casualty Ins. Co.*, No. C03-656R, 2003 WL 21056704, *2 (W.D. Wash. May 9, 2003) ("Exact parallelism between the two actions need not exist; it is enough if the parties and issues in the two actions are 'substantially similar,'" quoting *Nakash v. Marciano*, 882 F.2d 1411, 1416 (9th Cir. 1989)); *Centocor, Inc. v. MedImmune, Inc.*, No. C 02-03252, 2002 WL 31465299, *3 (N.D. Cal. Oct. 22, 2002) (stating that the first-to-file rule does not require identical issues or parties "so long as the actions involve closely related questions or common subject matter"); *Ward*, 158 F.R.D. at 649 ("While Follett's original and amended complaints do not assert identical grounds for Follett's denial of royalty payments, that fact does not destroy the ultimate similarity between the Illinois action and the California action"); see also *Save Power Ltd. v. Syntek Finance Corp.*, 121 F.3d 947, 950 (5th Cir. 1997) ("Syntek argues that the

'first-to-file' rule does not apply in this case because neither the issues nor the parties are identical to those in the Original Action. The rule does not, however, require that cases be identical. The crucial inquiry is one of 'substantial overlap'"); *Ed Tobergte Associates*, *Inc. v. Zide Sport Shop of Ohio, Inc.*, 83 F. Supp. 2d 1197, 1198 (D. Kan. 1999) ("The principle underlying the [first-to-file] rule is to avoid duplicative litigation, but it is not a hard and fast rule. Substantial similarity in the parties and issues is sufficient to invoke application of the rule" (internal citation omitted)); *Excel Music, Inc. v. Simone*, No. 95-3626, 1996 WL 5708, *5 (E.D. La. Jan. 5, 1996) ("The issues need not be identical to allow one court to decide the action, but there must be 'substantial overlap between the two suits'"); *Texas Instruments Inc. v. Micron Semiconductor, Inc.*, 815 F. Supp. 994, 997 (E.D. Tex. 1993) ("As to the first inquiry, all that need be present [for the first-to-file rule to apply] is that the two actions involve closely related questions or common subject matter, or that the core issues substantially overlap. The cases need not be identical to be duplicative").

A court may transfer an action under the first to file rule or 28 U.S.C. § 1404 either *sua sponte*, or upon motion of a party. See *Jaco Environmental, Inc. v. Appliance Recycling Centers of Am.*, No. C 06-06601 JSW, 2007 WL 127950, *1 (N.D. Cal. Jan. 12, 2007) ("However, the motion, almost as an afterthought, seeks to transfer venue of the action against Mr. Cameron to the Central District of California pursuant to 28 U.S.C. § 1406(a). . [B] virtue of the briefing provided to the Court, it is aware that the entire matter may properly be before the Central District Court. Therefore, the Court HEREBY ORDERS the parties to file supplemental briefing on the question whether the entire case should be transferred pursuant to 28 U.S.C. § 1404(a)," citing *Muldoon v. Tropitone Furniture Co.*, 1 F.3d 964, 965 (9th Cir. 1993) (describing a *sua sponte* transfer pursuant to 28 U.S.C. § 1404)). See also *Starnes v. McGuire*, 512 F.2d 918, 934 (D.C. Cir. 1974) (where neither party has requested transfer, the district court should issue an order to show cause why the case should not be transferred and afford the parties an opportunity to provide their views); *Liberi v. Taitz*, Civil Action No. 09-1898, 2010 WL 2270853, *2 (E.D. Pa. June 3, 2010) (noting that the court had issued an order to show cause apprising the parties that it was considering transfer); *Huddleston v. Illinois Cent. R. Co.*, No. 09-cv-594-JPG, 2010 WL 64510, *1 (S.D. Ill. Jan. 5, 2010) ("This matter comes before the Court on the Court's order to show cause why this case should not be transferred to the United States District Court for the Central District of Illinois. . ."); *Royal Sun Alliance Insurance, PLC v. National Consolidation Services LLC*, Civil Action No. 09-2862 (MLC), 2009 WL 3048392, *1 (D.N.J. Sept. 18, 2009) ("The Court issued an Order to Show Cause why this action should not be transferred to the United States District Court for the Northern District of Illinois or the United States District Court for the Northern District of Ohio").

Consequently, the court orders plaintiff to show cause on or before **Monday, February 28, 2011** why this case should not be transferred to the Southern District of New York. Defendant may file a response on or before **March 7, 2011**. Pending receipt of this briefing, the court defers ruling on plaintiff's *ex parte* application for jurisdictional discovery.